UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER FORGE,<br><br>    Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC,<br><br>    Defendant. | CaseNumber<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff Christopher Forge, by his counsel, brings this action against Defendant LVNV Funding, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d) which provides that an action to enforce any liability created by this subchapter may be brought in any U.S. District Court without regard to the amount in controversy, within one year of the date when the violation occurs.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as the Defendant conducts business in the District and the events giving rise to the claims occurred in the District.

## PARTIES

4. Plaintiff Christopher Forge ("Forge") is a natural person who currently resides at 411 Smith Street, North Attleboro, MA 02760.

5. Defendant LVNV Funding, LLC ("LVNV") is a foreign LLC with a principal office located at 355 S. Main Street, Suite 300-D, Greenville, SC 29601 who regularly conducts business in Massachusetts by purchasing and collecting consumer debts.

## FACTUAL ALLEGATIONS

6. LVNV filed a small claims action against Forge in the Attleboro District Court, docket number 2334SC000078, on or about January 20, 2023, alleging that Forge had defaulted on an account held issued by WebBank, which LVNV had subsequently acquired.

7. LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

8. Forge is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

9. The account at issue is a "debt" as defined by the FDCPA, 15 U.S.C. 1692a(5), as Forge used the account for personal, household or family expenses.

10. In its complaint, LVNV alleged that the last payment made on the account was on August 30, 2019 for $268.76, that WebBank charged off the account on January 31, 2020, that LVNV acquired the account, and that Forge owes LVNV $3,024.06.

11. LVNV did not file any supporting documents with its complaint, no copy of the agreement, no payment history, and no record demonstrating a complete chain of assignments to LVNV.

12. Forge has no record of receiving a validation notice or any demand for payment prior to the small claims lawsuit being filed.

13. Forge disputes owing this debt.

14. Forge called Plaintiff's counsel on September 14, 2023 and requested documentation of the debt. Plaintiff's counsel told Forge it would mail him the documents, but as of the date of this filing, Forge has not received any documents in response to his request.

15. Forge's credit reports do not show any tradeline entered by WebBank that would correspond to the purported debt.

16. Forge's credit reports do show a tradeline reported by LVNV, for an account originated by WebBank, but LVNV's tradelines reflect that the while the high balance on the account was $3,024, the current balance owed is just $481.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 et seq.

17. Plaintiff incorporates and restates all of the above paragraphs of this complaint as though fully set forth herein.

18. LVNV's complaint filed in Attleboro District Court violated the FDCPA, 15 U.S.C. §§1692e(2)(A) and (10), as it made false and deceptive claims about the character, amount or legal status of the debt and used false representations and deceptive means to collect a debt, where the complaint falsely claimed that the amount due on the debt is $3,024, whereas LVNV recorded tradelines with the three major credit bureaus reflecting that the amount owed on the debt is $481.

19. LVNV's complaint filed in Attleboro District Court further violated the FDCPA, 15 U.S.C. 1692f(1), which prohibits the collection of any amount not permitted by law. Given that LVNV's own records reflect that the amount of the debt is $481.00, LVNV had no legal authorization to assert a right to collect more than six times that amount.

20. LVNV further violated the FDCPA, 15 U.S.C. § 1692g by failing to send Forge a validation notice and by failing to provide Forge with any documentation relating to the debt upon his request after he received notice of the lawsuit.

21. Forge has been damaged by LVNV's violations of the FDCPA, as he has been forced to incur legal fees and costs to defend against a wrongful suit and vindicate his rights, and has experienced emotional distress, in that he has experienced confusion, frustration, and fear that LVNV would attempt to attach his assets or garnish his wages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against LVNV for the following:

A. Statutory damages of $1,000, plus attorney fees and costs pursuant to 15 U.S.C. § 1692k;

B. Actual damages of $1,000 for emotional distress;

C. Any other relief that the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/ Kristin L. Thurbide*
Kristin L. Thurbide (BBO #694840)
KMT LAW PC
427 Columbia Rd., Suite 104
Hanover, MA 02339
617-966-0000 T
617-812-1234 F
kristin@kmtlawpc.com

October 1, 2023